G. T. CARSWELL v. MRS. BUENA E. CRESWELL, MRS. MARY B. HUNTER, MRS. JENNIE G. KIRKPATRICK, MRS. MATTIE E. WASHAM, H. G. ASHCRAFT, AND W. F. GRAHAM, AS TRUSTEES OF THE PARK ROAD COMMUNITY HOUSE; HARVEY HUNTER, SID WASHAM AND A. L. PARKER, FOR AND ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS RESIDING IN THE PARK ROAD COMMUNITY OF MECKLENBURG COUNTY, NORTH CAROLINA; AND J. R. HARRIS.

(Filed 2 February, 1940.)

**1. Adverse Possession § 3—**

Adverse possession is actual possession in the character of owner, evidenced by making the ordinary uses and taking the usual profits of which the property is susceptible in its present state, to the exclusion of all others, including the true owner.

**2. Adverse Possession § 13c—**

Adverse possession under color of title for a period of seven years ripens title in claimant. Michie's Code, 428.

CARSWELL *v.* CRESWELL.

**3. Adverse Possession § 11—**

The property in question was conveyed to trustees for the benefit of members of the community for use as a community house or playground. *Held:* The statute, Michie's Code, 435, precluding acquisition of title in any public way by adverse possession does not apply to adverse possession of the *locus in quo.*

**4. Adverse Possession § 4b—**

Title by adverse possession may be acquired against religious, charitable or educational corporations or trusts.

**5. Same—**

When the trustee is barred the *cestuis* are also barred, since ordinarily the *cestuis* are bound by the acts or the failure to act on the part of the trustee.

**6. Judgments § 29—**

Property was conveyed to trustees for use as a community house or playground for the benefit of the residents of the community. Action was instituted involving title to the property in which representative members of the community were made parties. *Held:* Judgment in the action is binding upon the minors and all members of the community not made parties, under statutory provision for class representation. Michie's Code, 457.

**7. Adverse Possession § 4b—Held: Under facts of this case, plaintiff obtained title by possession under color of title against trustees and beneficiaries of charitable trusts.**

A vacant lot was conveyed to trustees for use as a community house or playground. The trustees borrowed money upon a deed of trust on the property and erected a community house thereon with the proceeds. Thereafter the community stopped using the *locus in quo* for any purpose, and after an invalid attempt of the lender to foreclose his deed of trust, a community meeting was called, which meeting authorized the trustees to sell. In accordance with this authorization the trustees executed a deed to plaintiff and used the purchase price to repay the money borrowed. Plaintiff took possession under his deed and remained in continuous possession for over seven years. *Held:* Under the facts and circumstances of this case, plaintiff acquired the fee simple title to the *locus in quo* by adverse possession under color of title and the trustees and all the beneficiaries of the charitable trust are bound thereby and are estopped from asserting any interest in the land, and plaintiff may convey the fee simple title to the *locus in quo.*

APPEAL by defendants from *Johnston, Special Judge,* at October, 1939, Extra Term, of MECKLENBURG. Affirmed.

This is an action instituted by plaintiff against the defendants, who are surviving trustees of an express trust for community purposes, three out of a number of resident beneficiaries of the trust, and one who has contracted to purchase the land involved from the plaintiff. All of the defendants filed a demurrer to the complaint, and from the judgment of the Superior Court overruling the demurrer, the defendants appealed.

The facts: On 22 January, 1920, J. K. Wolfe and wife, being then seized in fee simple and in possession of the premises therein described, conveyed a lot of land near Charlotte, in a section known as the Park Road Community, to the defendant trustees and to one other trustee, since deceased, in trust, that said trustees and their successors "shall hold, use, occupy and enjoy the same for the purpose of establishing, maintaining and carrying on as a community building, buildings and grounds for the benefit of persons of the white race owning land or living within the community," describing same. Among the conditions set forth in said deed were the following:

1. The said premises shall be called "The Park Road Community House";

3. The said parties of the second part or their successors shall have entire control of said property and premises for the purposes hereinbefore stated, and they shall also have entire control, disposal and management of any and all property whether real or personal, which shall at any time be given or conveyed to the said parties of the second part for the said community house, or of the income or profits of such money or property as may be given for the endowment or furtherance of any of the activities of the said community house;

6. If at any time it shall become impossible or impracticable to carry on the trust hereby created according to the true intent and purpose thereof, then the said premises shall be used for public playgrounds or recreation grounds for the white persons living in the said community until such time as the parties of the second part, or their successors, may find it possible and to resume the use of said premises for the purposes herein stated.

Said lot of land was vacant lot. About 8 April, 1921, and 8 January, 1922, said trustees borrowed from B. J. Summerow the sums of $1,000 and $1,250—total of $2,250—which was used with other funds to erect a building on said lot, securing each of said loans by deeds of trust to F. M. Shannonhouse, Trustee.

For a year or more the people living in said community did use said community house, but that from 1923 to 1926 the persons of said community failed to use said community house and abandoned the same and at no time since 1923 have the persons of said community evidenced any interest whatsoever in using said property for any purpose.

In March, 1926, F. M. Shannonhouse, Jr., administrator of F. M. Shannonhouse, deceased trustee, upon request of the owner and holder of the notes secured by said two deeds of trust, undertook to sell the land in question under the power of sale contained in said deeds of trust, at which time said J. K. Wolfe became the last and highest bidder for said land.

J. K. Wolfe refused to accept the deed which was tendered to him by F. M. Shannonhouse, Jr., administrator of F. M. Shannonhouse, deceased trustee, and at the March Term, 1926, of Mecklenburg Superior Court, submitted to Honorable William F. Harding, judge presiding, a controversy whether J. K. Wolfe was required to accept said trustee's deed. The court adjudged that J. K. Wolfe was not required to accept said trustee's deed and the Supreme Court of North Carolina affirmed that judgment in the opinion of *Shannonhouse v. Wolfe,* 191 N. C., 769. In that opinion, the Supreme Court declared the trust in question to be a charitable trust and set forth the terms and conditions under which property of a charitable trust may be disposed of.

In September, 1926, after due notice was published in *The Mecklenburg Times,* a newspaper published in Mecklenburg County, North Carolina, and after personal notice was given to representative members of a large majority of the families of said community, there was held in said community house a well attended meeting of the beneficiaries of said trust, presided over by H. G. Ashcraft, as chairman, and C. M. Creswell, as secretary, for the purpose of considering what disposition or use should be made of said community house property.

At said meeting said beneficiaries adopted a resolution requesting and authorizing the trustees of said community house to sell said property. Immediately thereafter said trustees held a meeting and appointed a committee from their number to procure bids for said property. The plaintiff offered $3,000.00 for the property, the trustees accepted said offer and executed and delivered to the plaintiff a deed to said property, said deed being dated 23 September, 1926, and duly recorded.

Each of said trustees at said time was *sui juris* and each of the surviving trustees has been *sui juris* at all times since the execution and delivery of said deed. Infants reside in said community and have resided in said community at all times referred to. The consideration of $3,000.00, which the plaintiff paid for said deed, was used, as the record indicates, to pay the indebtedness which was incurred to build said community house. J. K. Wolfe and wife have quitclaimed all of their right, title and interest in said property to the plaintiff.

Plaintiff has held said property by adverse possession at all times since 9 October, 1926. The defendant J. R. Harris and the plaintiff entered into a contract that J. R. Harris should buy said property from plaintiff for a consideration of $3,500.00, and said J. R. Harris has refused to accept the deed tendered by plaintiff upon the alleged ground that said deed does not convey a good title to said property.

Three of the defendants, Harvey Hunter, Sid Washam and A. L. Parker, are citizens and residents of said community, the questions referred to in the complaint are of a common and general interest to all

persons living in said community, and said three named defendants are made parties in order that they may defend for the benefit of all persons living in said community who are interested in the questions referred to.

The defendants demurred to the complaint, setting forth *seriatim* several grounds. We think it necessary to consider only the main ground: "For that the complaint fails to state facts sufficient to constitute a cause of action and to support the judgment prayed for in the complaint for that, upon the facts as alleged in the complaint, it appears as a matter of law that plaintiff never acquired and is not now seized of good fee simple title to the land described in the complaint."

The defendants in their brief say: "The defendant Trustees of the Park Road Community House, having in effect abandoned the property for the purposes for which it was originally conveyed to them and having in good faith conveyed it to the plaintiff, have not made any claim as such Trustees to the land since such conveyance; but have interposed their demurrer in this action for the purpose of performing such duties as they may have to the resident beneficiaries in the community of the trust and for the purpose of preserving such right and title as they as trustees might now have for the benefit of such community residents. The three individual resident beneficiary defendants have not heretofore interposed any claim or interest in the said property since its conveyance to plaintiff by the said trustees; but feel that, inasmuch as they are made parties in a representative capacity, it is their duty, in so far as the other resident beneficiaries are concerned, to protect whatever interest such other beneficiaries may have. Defendant J. R. Harris has entered into a binding contract to purchase the *locus in quo* from the plaintiff and is ready, anxious and willing to perform his said contract, provided plaintiff can convey to him a good fee simple marketable title to the *locus in quo* entirely free from the trust heretofore imposed upon same."

The court below signed an order overruling the demurrer, defendants excepted, assigned error and appealed to the Supreme Court.

*O. M. Litaker and Joe W. Ervin for plaintiff.*
*Taliaferro & Clarkson for defendants.*

CLARKSON, J. The only exception and assignment of error made by defendants is to the order of the court below overruling the defendants' demurrer. We think the ruling of the court below correct.

The plaintiff states two main contentions why the demurrer should have been overruled. As one is sufficient to determine this cause, we do not consider the other: The plaintiff contends that he has been in possession and held the property in controversy adversely for thirteen years

next preceding the commencement of this action, under known and visible lines and boundaries and colorable title, by virtue of a valid deed from the trustees to the plaintiff. That he purchased the land in good faith and paid full value. That therefore plaintiff's title has ripened into a fee simple title by adverse possession under color of title for more than seven years. We think plaintiff's contention correct under the facts and circumstances of this case.

N. C. Code, 1935 (Michie), sec. 428, is as follows: "When a person or those under whom he claims is and has been in possession of any real property, under known and visible lines and boundaries and under color-able title, for seven years, no entry shall be made or action sustained against such possessor by a person having any right or title to the same, except during the seven years next after his right or title has descended or accrued, who in default of suing within that time shall be excluded from any claim thereafter made; and such possession, so held, is a perpetual bar against all persons not under disability."

Adverse possession consists of the actual possession of property held to the exclusion of others, including the true owner, and is exercised by making the ordinary use of which the property is susceptible in its present state and taking the usual profits. *Locklear v. Savage,* 159 N. C., 236; *Owens v. Lumber Co.,* 210 N. C., 504 (508).

The record discloses that plaintiff had not only possession for seven years, in conformity to the above statute, but for thirteen years.

The defendants contend: "There is respectable authority to the effect that where lands have been dedicated for use as a public square or common or park or playground title thereto can never be acquired by adverse possession, whether under color of title or not." They cite the case of *Moose v. Carson,* 104 N. C., 431 (434), where it is said: "No one can acquire as a general rule by adverse occupation as against the public the right to a street or square dedicated to the public use. *Hoadley v. San Francisco,* 50 Cal., 265; *People v. Pope,* 53 Cal., 437." 1 Amer. Jurisprudence, p. 850, sec. 106. We do not think the deed creating the trust in this case susceptible of the defendants' construction. See *Sheets v. Walsh, ante,* 32.

We have the following statute—N. C. Code, *supra,* sec. 435: "No person or corporation shall ever acquire any exclusive right to any part of a public road, street, lane, alley, square or public way of any kind by reason of any occupancy thereof or by encroaching upon or obstructing the same in any way, and in all actions, whether civil or criminal, against any person or corporation on account of an encroachment upon or obstruction or occupancy of any public way it shall not be competent for a court to hold that such action is barred by any statute of limitations." This statute is not applicable in this case.

In the case of *Shannonhouse v. Wolfe, supra,* it was held by this Court that the Park Road Community House property was in the nature of a charitable trust, and the decisions are uniform that adverse possession under color of title of property belonging to a charitable trust will ripen into a full title for the person in such adverse possession. The general rule is stated in 2 Corpus Juris, part sec. 476, at p. 225, as follows: "But in the absence of some statutory provision to the contrary, title by adverse possession may be acquired as against a religious or charitable corporation or educational corporation, and that, too, although such corporations are expressly prohibited by statute from conveying their lands."

The same general rule is reaffirmed in 2 Corpus Juris Secundum, sec. 5 in part, at pp. 515-516: "In the absence of some statutory provision to the contrary, title by adverse possession may be acquired against religious, charitable or educational corporations, even though such corporations are expressly prohibited by statute from conveying their lands."

In *Herndon v. Pratt,* 59 N. C., 327 (333-334), *Pearson, C. J.,* speaking to the subject says: "The principle, that when the statute of limitations is a bar to the trustee, it is also a bar to the *cestui que trust* for whom he holds the title, and whose right it is his duty to protect, is settled; *Wellborn v. Finley,* 7 Jones, 228. In delivering the opinion in that case, the principle was considered so plain that it was deemed unnecessary to cite authorities, and the Court was content to leave the question on the manifest *reason of the thing.* For statutes of limitation and statutes giving title by adverse possession, would be of little or no effect, if their operation did not extend to *cestui que trust* as well as trustees who hold the title for them, and whose duty it is to protect their rights. If by reason of neglect on the part of the trustees, *cestui que trust* lost the trust fund, their remedy is against the trustees, and if they are irresponsible, it is the misfortune of the *cestui que trust,* growing out of the want of forethought on the part of the maker of the trust, under whom they claim." 2 A. L. R., at p. 41, *et seq. Wellborn v. Finley,* 52 N. C., 228; *Blake v. Allman,* 58 N. C., 407; *Clayton v. Cagle,* 97 N. C., 300; *King v. Rhew,* 108 N. C., 696; *Kirkman v. Holland,* 139 N. C., 185; *Cameron v. Hicks,* 141 N. C., 21.

In *Orange County v. Wilson,* 202 N. C., 424 (427), is the following: "Besides, the trustees of the petitioners were parties defendant and were served with process." The principle was so well settled that it was recognized without citing authorities, that a trustee could bind the *cestuis que trustent.*

The defendants raise the questions: "Would judgment in this case be binding upon minor residents in the community who are neither parties

to the action nor represented by guardians *ad litem?"* and "Would judgment in this cause be binding upon the other numerous beneficiaries not parties to this action under the doctrine of representation?"

N. C. Code, *supra,* sec. 457, in part, is as follows: "When the question is one of a common or general interest of many persons, or where the parties are so numerous that it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

We think the deed of the trustees bound all who had an interest in the land if not the community meeting, and other matters set forth in the record were in the nature of an estoppel. From the facts and circumstances of this case, we think none of the contentions of defendants can be sustained. We think the deed tendered by plaintiff to defendant J. R. Harris conveyed to him "a good fee simple marketable title to the *locus in quo,* entirely freed from the trust heretofore imposed upon same," and defendant Harris is bound by the contract to take and pay for the land.

The brief of defendants is persuasive, but not convincing.

For the reasons given, the judgment of the court below is

Affirmed.