M. L. PALMER AND H. C. MEADS, TRADING AS PALMER & MEADS, v. W. H. JENNETTE, SR., ET AL., TRADING AS JENNETTE FRUIT & PRODUCE CO.

(Filed 30 April, 1947.)

**1. Trial § 45—**

Conflicting or contradictory answers to the issues is not ground for judgment *non obstante veredicto,* it being the practice of the court to grant a new trial if the verdict is so contradictory as to invalidate the judgment.

**2. Sales § 27—**

In this action to recover balance due on the purchase price of potatoes delivered under contract, defendants claimed breach of warranty of merchantability. No issue as to damages for breach of warranty was submitted. *Held:* The instructions of the trial court as to the damages recoverable for breach of warranty and as to the amount recoverable by plaintiff for balance of purchase price, submitted under the one issue as to the amount, if any, defendants are indebted to plaintiffs, *is held* not sufficiently clear to guide the jury in arriving at a proper conclusion, and a new trial is ordered.

DEFENDANT's appeal from *Frizzelle, J.,* at November Term, 1946, of PASQUOTANK.

The plaintiffs brought this suit to recover the balance alleged to be due on 1107½ bags of field-run Irish potatoes (excepting No. 3s), alleged to have been delivered to defendants at the price of $2.60 per bag, upon which it is admitted the defendants have paid for 370½ bags and are still indebted to plaintiff for 737 bags, or a total of $1,916.20, with interest. Defendants admit that they contracted to buy from the plaintiffs a quantity of field-run potatoes, exclusive of No. 3s, to be dug from a certain field and to pay $2.60 per bag; the defendants allege that it was agreed that the potatoes should be of sound and merchantable quality, which the plaintiffs deny. They further admit that the plaintiffs delivered 1107½ bags of potatoes and that defendants accepted a portion of them, to wit: 370½ bags, but expressly denied that they accepted all of the potatoes which had been delivered. On the contrary, defendants aver that upon the delivery of the last load of the potatoes they discovered that a quantity of them were in a rotting condition and that they so notified the plaintiffs within one hour after delivery. They further set up a claim for expenses for delivering a quantity of the potatoes to another warehouse for re-grading at the request of the plaintiffs.

The plaintiffs deny that the potatoes were removed to another warehouse at their request, averring that they had delivered them to defendants as per contract and had no further interest in them.

On the trial the evidence as to the condition of the potatoes, and the causes thereof, was sharply conflicting. The plaintiffs' evidence tended

PALMER *v.* JENNETTE.

to show that the potatoes were in good condition when they left the field for an 11 mile haul to defendants' warehouse. The digging and hauling consumed about four days, and the potatoes were delivered to defendants in lots as harvested. The evidence of defendants tended to show that some of the potatoes were discovered to be in a decaying condition just after the last load was delivered and notice to that effect given the plaintiffs. There was evidence on the part of plaintiffs tending to show that the potatoes were stacked in bags, without ventilation, at defendants' warehouse in a manner that tended to promote rapid deterioration and that this was done at the instance of purchasers. The evidence was indeterminate as to the relative quantity of good and bad potatoes. Defendants paid the plaintiffs for 370½ bags.

Plaintiffs denied the making of an express warranty of merchantability, and on this point the evidence was conflicting. The plaintiffs' evidence tended to show that defendants were afforded an opportunity to inspect the potatoes as they were dug and availed themselves of the opportunity, as far as they thought necessary,—and that care had been exercised to prevent the potatoes from exposure to the sun during the harvesting.

In this condition of the pleading and the evidence, issues were submitted to the jury and answered as follows:

"1. Did plaintiffs contract to sell and deliver to defendant 1107½ bags of field-run Irish potatoes at the price of $2.60 per bag delivered, as alleged in the complaint? Answer: Yes.

"2. If so, did plaintiffs deliver said potatoes to the defendants in accordance with the said contract? Answer: Yes.

"3. Was it a part of said contract that the plaintiffs should deliver said potatoes at the defendants' warehouse in a sound and merchantable condition? Answer: Yes.

"4. If so, did the plaintiffs comply with their said contract by delivering said potatoes at the defendants' warehouse in a sound and merchantable condition? Answer: No.

"5. If so, in what amount, if anything, are defendants indebted to plaintiffs? Answer: $1,708.20."

The first and second issues were answered affirmatively by the jury, without objection by either of the parties, on an instruction from the court that they should do so if they believed "all the evidence in the case."

The third and fourth issues were answered upon instructions to which no objection now applies, the burden being placed on the defendants to show a breach of the warranty upon which they relied. Upon the coming on of the issues the defendants tendered judgment to be signed and rendered that the plaintiffs recover nothing and that they pay the costs of the action. The court declined to sign the judgment and defendants

excepted.    Judgment was rendered that the plaintiffs recover of the defendants the sum of $1,708.20 with interest.    The defendants appealed, assigning errors.

J. *Henry LeRoy for plaintiffs, appellees.*
J. *W. Jennette for defendants, appellants.*

SEAWELL, J.    Among other objections to the trial not necessary to discuss at length, the appellants insist that the judgment is not supported by the verdict, because of alleged irreconcilable repugnances in the answers to the several issues.    Specifically it is contended that the fifth issue, permitting recovery and determining the amount thereof, is contrary to the findings under the third and fourth issues sustaining defendants' allegation that there was in the sales contract an express warranty of merchantability of the produce sold, and that plaintiffs had breached that warranty.    Indeed, it is contended that because of the favorable answers to these two issues defendants were entitled to a judgment, which they tendered, that plaintiffs recover nothing, operating as a judgment *non obstante veredicto* as to the fifth issue.

The motion for judgment was properly overruled.    Supposing such irreconcilable repugnance to exist, it is not the practice of the Court to enter a judgment *non obstante veredicto* upon the supposedly favorable issue and ignore the other.    Where the answers to the issues are so contradictory as to invalidate the judgment, the practice of the Court is to grant a new trial, or *venire de novo,* because of the evident confusion. *Jernigan v. Neighbors,* 195 N. C., 231, 141 S. E., 586; *Porter v. R. R.,* 97 N. C., 66, 2 S. E., 581.

The Court might have been somewhat relieved in its review of this case if an issue had been submitted directly bearing on the damages sustained by reason of the breach of warranty alleged in defendant's answer, but no objection was made to the absence of such an issue.    In its absence and upon the issues submitted, however, the Court is of opinion that the instructions to the jury with respect to damages recoverable by defendants for the alleged breach of warranty or the balance of purchase price claimed by the plaintiff,—both subjects being interrelated,—were not sufficiently clear to guide the jury in arriving at a proper conclusion.

A somewhat anomalous condition was brought about by the manner in which the case was presented in the trial court and we do not ascribe any fault for the indecisive result to the able and experienced judge who tried the case.    However, for the reasons stated, we think the defendant is entitled to a new trial.    It is so ordered.

New trial.