HIX STILES AND WIFE, ALICE STILES, FRED SUTTON AND WIFE, NORA
SUTTON, FRANK GIBSON AND WIFE, PEARLIE GIBSON, v. JARVIS
TURPIN, JOHN BROWN AND CHARLIE WILKEY, DEFENDANTS, INDI-
VIDUALLY, AND IN A REPRESENTATIVE CAPACITY OF MEMBERS OF DIX CREEK
MISSIONARY BAPTIST CHURCH.

(Filed 23 September, 1953.)

**Trusts § 3f: Cancellation of Instruments § 8—Allegations held insufficient
to show any equity in favor of plaintiffs.**

Allegations to the effect that the owner of land deeded same to a school
committee for the "purpose of school and religious worship," that the prop-
erty was thereafter used as a community building, especially for meetings
of a religious nature without regard to denomination, until the county
board of education conveyed it to a particular church, that thereafter the
church denied the use of the building for religious purposes to nonmem-
bers of the church, and that the deed from the board of education to the
church was invalid, *is held* insufficient to allege a cause of action in plain-
tiff's favor against individual defendants, as individuals or as repre-
sentatives of the church. The grantor and the grantees in the deed are not
parties and the allegation of want of power in the grantor to convey is
a mere conclusion of law. There were no allegations of facts sufficient
to show fraud or undue influence, or adverse user, or any equitable interest
in the property in favor of plaintiffs.

APPEAL by plaintiffs from *Gwyn, J.,* February Term, 1953, JACKSON.
Affirmed.

Civil action to invalidate a deed to real property to compel defendants
to permit plaintiffs and others similarly situated to use the building
located on said property as a community house of worship, heard on
demurrer.

Plaintiffs instituted this action in behalf of themselves and others simi-
larly situated against the defendants individually and as representatives
of the membership of the Dix Creek Missionary Baptist Church.

On 29 August 1896, David W. Turpin and wife conveyed the property
described in the complaint to three named grantees, "School Committee
for District #41, of the white race, of Barkers Creek Township, Jackson
County, N. C."

On 16 July 1947 the Jackson County Board of Education conveyed
said property to the Dix Creek Missionary Baptist Church. Whether
this deed conveys the property to the church as such or to its proper
officials who are authorized to hold title to church property is not dis-
closed.

The plaintiffs allege that (1) the Turpin deed was executed in 1896
"for the specific purpose of school and religious worship;" (2) the Chris-
tian citizens of the Dix Creek community erected a building on the land
for the purpose of conducting school and religious worship; (3) said

building has since been used by all members of the Christian faith without regard to denomination; (4) said building was used as a community building, especially for meetings of a religious nature; (5) said building has been repaired from time to time by members of different denominations and no one church has ever claimed possession or control prior to 1947 when the members of the said Dix Creek Missionary Baptist Church "placed locks and bars on the entrance to said building and permitted no use of the same, except by the members who affiliated with the Dix Creek Missionary Baptist Church;" (6) repeated requests by plaintiffs who are not affiliated with said church and by others similarly situated have been denied, as a result of which plaintiffs and other nonmembers have suffered and will continue to suffer great and irreparable loss.

They pray that the deed executed in 1947 by Jackson County Board of Education be declared null and void and canceled of record, "and that said building be opened for worship by members of orthodox churches of any and all denominations residing in said Dix Creek community."

*W. R. Francis and M. V. Higdon for plaintiff appellants.*

*Hugh Monteith, Orville D. Coward, and David M. Hall for defendant appellees.*

BARNHILL, J. The plaintiffs allege record title in the Dix Creek Missionary Baptist Church. Altogether they seek to invalidate this deed to real property, neither the grantor nor the grantees are made parties to the action. No fraud or undue influence is alleged. While they do allege want of power in the grantor to convey title, this is a conclusion of law and not an allegation of fact. G.S. 115-45.

Furthermore, they allege in themselves and others similarly situated no equitable or other beneficial interest in the property such as would entitle them to the use and possession thereof. They allege nothing more than the permissive use of the building located on the property over a long period of time and the termination of that use by those who hold title to the property.

While they seek to allege a parol agreement between the members of the various religious denominations who resided in that community in 1896 and the grantees in the Turpin deed in respect to the use of the property, no sufficient facts are alleged to charge the grantees in that deed as trustees other than for the public school system of the county. In particular, they fail to allege facts sufficient to vest in them any equitable interest which may have been created by such an agreement.

In this connection it may be well to note that the authority of public school officials such as the grantees in the Turpin deed to enter into a binding agreement to hold title to property conveyed to them in their

official capacity in trust for any use or purpose other than the one expressed in the deed is at least subject to serious challenge.

The noted defects in the complaint clearly demonstrate plaintiffs have failed to state a cause of action against defendants either individually or as representatives of an unincorporated association of persons. Should the cause of action be permitted to proceed to judgment in favor of plaintiffs, they would be in no better position in respect to the *locus* than they were before this action was instituted. The judgment could not be enforced against those now in possession.

For that reason it is unnecessary for us to discuss or decide whether an action may be maintained against an unincorporated church under the class representation doctrine in the manner here attempted.

*Carswell v. Creswell*, 217 N.C. 40, 7 S.E. 2d 58, and the other cases cited and relied on by plaintiffs are factually distinguishable.

The judgment entered in the court below must be

Affirmed.