LAKE DRIVE CORP. v. PORTNER

[108 N.C. App. 100 (1992)]

———————————

LAKE DRIVE CORPORATION, PLAINTIFF v. JOHN A. PORTNER AND ERVEANE PORTNER, DEFENDANTS

No. 911SC1121

(Filed 17 November 1992)

**Adverse Possession § 5 (NCI4th)— action to quiet title—jury verdict—plaintiff did not have superior record title and defendants had adversely possessed—not inconsistent**

The trial court did not err in an action to quiet title by denying plaintiff's motion for a new trial based on an inconsistent jury verdict where the jury found that plaintiff did not have superior record title and that defendants had been

**LAKE DRIVE CORP. v. PORTNER**

[108 N.C. App. 100 (1992)]

in adverse possession for more than 20 years. Although plaintiff contended that the verdict was inconsistent in that defendants could not have adversely possessed the property if they were the record title holders, the verdict in fact only established that plaintiff failed to carry its burden of proof with regard to its claim of record ownership. Moreover, a claim of adverse possession is based upon an assertion of ownership rights as against all persons, not simply the record owner.

**Am Jur 2d, Adverse Possession §§ 2, 8-11.**

APPEAL by plaintiff from *Grant (Cy Anthony), Judge.* Order entered 17 May 1991 in Superior Court, DARE County. Heard in the Court of Appeals 21 October 1992.

Plaintiff instituted this civil action seeking to quiet title to a 47.67 acre tract of land located in Dare County, North Carolina. Plaintiff alleged in its complaint that defendants asserted an adverse claim to a portion of that property. Defendants' answer claimed that defendants owned superior record title to 3.166 acres of the 47.67 acre tract and also claimed that defendants had exercised "continuous, actual, exclusive, hostile, open and notorious possession" of the 3.166 acre tract for over 30 years.

When the matter came on for hearing, the following issues were submitted to and answered by the jury:

Issue One:

1. Does Plaintiff, Lake Drive Corporation, have superior record title to the 3.166 acre parcel of land described on the map of H. P. Pyatt, Jr. identified as DX-9?

Answer: No.

Issue Two:

2. Did Defendants Portner acquire title to the 3.166 acre parcel of land described on the plat of H. F. Pyatt, Jr. identified as DX-9 by adverse possession for a period of more than twenty (20) years before this action was filed on December 29, 1987?

Answer: Yes.

Judgment was thereafter entered by the court declaring defendants the rightful owners of the contested tract of land.

Plaintiff then moved the court for a new trial pursuant to Rule 59(a)(7) and (a)(9) arguing that the jury's answers to Issue 1 and Issue 2 were inconsistent and "contrary to law." According to plaintiff "if the jury did not find that the plaintiff had title to the property, then the jury could not have found, as a matter of law, that the defendants adversely possessed the property for a period of more than 20 years before the action was filed . . . ." The trial court denied plaintiff's motion and plaintiff appealed.

*Twiford, O'Neal & Vincent, by Edward A. O'Neal, for plaintiff, appellant.*

*Hornthal, Riley, Ellis & Maland, by M. H. Hood Ellis, for defendant, appellee, Erveane Massey Portner.*

HEDRICK, Chief Judge.

Plaintiff's only argument on appeal is that the trial court erred in failing to grant plaintiff's motion for a new trial due to the "inconsistent" verdict of the jury. Plaintiff does not contend that the trial court erred in submitting both issues to the jury, nor does it argue that the trial court erred in instructing the jury with regard to either issue or to the requirement that both issues be answered. In fact, plaintiff made no objection nor tendered any exception to the jury instructions given by the court.

Our courts have held on numerous occasions that when a jury's answers to issues "are so contradictory as to invalidate the judgment, the practice of the court is to grant a new trial, or *venire de novo*, because of the evident confusion." *Palmer v. Jennette*, 227 N.C. 377, 378, 42 S.E.2d 345, 347 (1947) (citations omitted); *In re Will of Leonard*, 71 N.C. App. 714, 719, 323 S.E.2d 377, 380 (1984). The verdict rendered in this case, however, clearly supports the judgment and reflects no confusion on the part of the jury.

Plaintiff's argument is based upon the premise that the jury's conclusion that plaintiff did not have superior record title to the disputed tract necessarily established defendants as the superior record title holders. With such record title, plaintiff contends defendants could not have adversely possessed the property. The jury's response to the first issue, contrary to plaintiff's contention, established only that plaintiff failed to carry its burden of proof with regard to its claim of record ownership. Our Supreme Court has stated that:

**LAKE DRIVE CORP. v. PORTNER**

[108 N.C. App. 100 (1992)]

A failure of one of the parties to carry his burden of proof on the issue of title does not, *ipso facto*, entitle the adverse party to an adjudication that title to the disputed land is in him. . . . There are cases involving a disputed title to land in which neither party can carry the burden of proof.

*Cutts v. Casey*, 278 N.C. 390, 411-412, 180 S.E.2d 297, 307-308 (1971).

Further, plaintiff's argument implies that a party seeking to establish title by adverse possession must necessarily establish the identity of the record title holder. We find no such requirement in the law of this State. A claim of adverse possession is based upon an assertion of ownership rights as against *all persons*, not simply the record owner. *See Newkirk v. Porter*, 237 N.C. 115, 74 S.E.2d 235 (1953) and *Carswell v. Carswell*, 217 N.C. 40, 7 S.E.2d 58 (1940). In order to establish "open and notorious possession," a claimant must show acts of possession of such a nature as to give notice of his claim of ownership to the "*whole world.*" *Price v. Tomrich Corp.*, 275 N.C. 385, 167 S.E.2d 766 (1969); *McDaris v. "T" Corporation*, 265 N.C. 298, 144 S.E.2d 59 (1965). The requirement that possession be "hostile" simply connotes that claimant asserts exclusive right to occupy the land. *Brewer v. Brewer*, 238 N.C. 607, 78 S.E.2d 719 (1954). Our Supreme Court has specifically rejected any requirement that the adverse possessor show a conscious intent to claim the land of another in order to establish "hostility." *Walls v. Grohman*, 315 N.C. 239, 337 S.E.2d 556 (1985).

It was not, therefore, necessarily contradictory for the jury to find that plaintiff was not the record title holder of the contested portion of the property and find that defendants had properly acquired title to the tract by adverse possession. The trial court's denial of plaintiff's motion for a new trial is not error.

No error.

Judges ARNOLD and WELLS concur.