ELMORE, Judge.
*2 This appeal involves a challenge to the consolidation of two actions for trial in superior court. Boone Ford, Inc. filed a complaint against IME Scheduler, Inc. alleging several claims arising from the unsuccessful sale of a 2013 Ford SVT Raptor pickup truck. IME Scheduler counterclaimed and its affiliate, Cash for Crash, LLC, filed a separate complaint against Boone Ford after the dealership refused to immediately return a $206,596.00 wire transfer on suspicion of money laundering.
Upon Boone Ford's motion, Judge Jeff Hunt entered an order consolidating the two cases for trial, which was held at the 1 February 2016 session of the Watauga County Superior Court, Judge William H. Coward presiding. The jury denied all claims raised by IME Scheduler and Cash for Crash and returned a verdict in favor of Boone Ford. IME Scheduler and Cash for Crash appeal, arguing, inter alia , that Judge Hunt lacked authority to consolidate the cases. Because that authority is reserved for the judge presiding over the trial, we vacate the order of consolidation and remand to the superior court.
I. Background
In October 2013, IME Scheduler contacted Boone Ford to purchase a 2013 Ford SVT Raptor pickup truck. At the time, Boone Ford did not have the truck in stock. In exchange for a newer model, Boone Ford acquired a 2013 SVT Raptor from a dealership in West Virginia to consummate the sale with IME Scheduler.
As alleged in the pleadings, Boone Ford believed that it was selling the 2013 SVT Raptor it had acquired from West Virginia, which had a VIN ending in -66435 and an 800A options package, for $49,385.50. On or about 6 November 2013, Boone Ford faxed to IME Scheduler a window sticker of the Raptor and a bill of sale for the same. After receiving the fax, IME Scheduler issued a $9,000.00 down payment via American Express credit card and, on 12 November 2013, wired the remaining balance of $40,385.50 to Boone Ford.
A dispute arose two days later when IME Scheduler requested another copy of the window sticker via e-mail. When the sticker described a Raptor 800A, IME Scheduler insisted that Boone Ford had sold the wrong truck. IME Scheduler believed it was purchasing a 2013 *3 SVT Raptor with a VIN ending in -97953 and an 801A options package *96 for $49,385.50. It also alleged that Boone Ford had previously faxed a window sticker of the Raptor 801A. Unable to resolve the conflict, IME Scheduler canceled the $9,000.00 down payment. Boone Ford refused to refund the $40,385.50 and, sometime later, sold the Raptor 800A to another party.
On 19 February 2014, Boone Ford received an unexpected wire of $206,596.00 into its account. The wire originated from Cash for Crash. Alfred Glover, the owner of Boone Ford, learned that Cash for Crash was affiliated with IME Scheduler and that the organizations were located in New Jersey and New York, respectively. Concerned that they were trying to launder money through his dealership or involve him in illegal activity, Glover contacted the Boone Police Department, Attorneys General, FBI, CIA, and Department of Homeland Security. Cash for Crash insisted that the wire was a result of human error and demanded the money be returned, but Glover refused to do so until an investigation was complete. Approximately two months later, Glover returned the $206,596.00 at the direction of the Boone Police Department which had found no connection to money laundering.
Boone Ford filed a complaint against IME Scheduler alleging breach of contract, fraud, negligent misrepresentation, unfair and deceptive trade practices (UDTP), and punitive damages arising out of the failed Raptor transaction. IME Scheduler filed a counterclaim alleging the same claims against Boone Ford. Cash for Crash also filed a complaint against Boone Ford, alleging conversion, UDTP, fraud, and punitive damages arising out of the $206,596.00 wire transfer.
Upon Boone Ford's motion, Judge Hunt consolidated the cases and they were tried together before Judge Coward in Watauga County Superior Court. The jury found for Boone Ford on its breach of contract, fraud, and UDTP claims against IME Scheduler, awarding $20,000.00 in compensatory damages and $50,000.00 in punitive damages. IME Scheduler and Cash for Crash appeal.
II. Discussion
Appellants argue that Judge Hunt erred in granting Boone Ford's motion to consolidate because Judge Coward, who presided over the trial, had the exclusive authority to consolidate the actions.
Rule 42(a) of the North Carolina Rules of Civil Procedure provides the trial court with authority to consolidate pending "actions involving a common question of law or fact."
*4 N.C. Gen. Stat. § 1A-1, Rule 42(a) (2015). Whether two or more cases should be consolidated for trial is a decision left to the sound discretion of the judge who will preside over the trial. Pickard v. Burlington Belt Corp. , 2 N.C.App. 97, 103, 162 S.E.2d 601, 604-05 (1968). "[A] consolidation cannot be imposed upon the judge presiding at the trial by the preliminary [o]rder of another trial judge." Id.
In Oxendine v. Catawba County Department of Social Services , 303 N.C. 699, 703-04, 281 S.E.2d 370, 373 (1981), the North Carolina Supreme Court affirmed our decision to vacate a consolidation order entered by a judge who was not scheduled to preside over the trial. The plaintiffs had filed a complaint in district court seeking permanent custody of their foster child. Id. at 701, 281 S.E.2d at 372. Several weeks later, they filed a petition in superior court for the adoption of the same child. Id. Upon the defendant's motion, Judge Forrest A. Ferrell entered an order consolidating the custody action and adoption proceedings for a joint trial in superior court. Id. at 701-02, 281 S.E.2d at 372. The plaintiffs petitioned for writ of certiorari before the trial date, arguing that Judge Ferrell erred in granting the defendant's motion to consolidate. Id. at 702, 281 S.E.2d at 372.
Although the custody action and petition for adoption involved "related issues of fact and law," the North Carolina Supreme Court held that, procedurally, the consolidation was in error: "[T]he discretionary ruling of one superior court judge to consolidate claims for trial may not be forced upon another superior court judge who is to preside at that trial." Id. at 703-04, 281 S.E.2d at 373. Judge Ferrell had entered the consolidation order "out of term and out of session." Id. at 704, 281 S.E.2d at 373. And because "[t]here was no indication that he was scheduled to preside at the session of court during which he set the *97 consolidated cases to be presented for trial," the Court concluded that "Judge Ferrell's order of consolidation must be vacated." Id.
At the hearing on Boone Ford's motion to consolidate, appellants urged Judge Hunt that, pursuant to Oxendine , he did not have the authority to consolidate the two actions. That authority, appellants argued, was reserved for the judge presiding over the trial. Judge Hunt acknowledged that he did not know which trial judge would be assigned to the cases but nevertheless entered an order granting Boone Ford's motion to consolidate. The cases were ultimately tried together at the 1 February 2016 session of the Watauga County Superior Court before Judge Coward. Because Judge Hunt was not the judge who presided over the trial, he did not have authority to consolidate the actions.
*5 Boone Ford nevertheless contends that appellants waived their right to object to the consolidation, directing our attention to the following stipulations in the signed pretrial order:
1. It is stipulated that all parties are properly before the Court, and that the Court has jurisdiction over the parties and the subject matter.
2. It is stipulated that all parties have been correctly designated and there is no issue as to misjoinder or non-joinder of parties.
Boone Ford argues that these stipulations are judicial admissions, the effect of which is to remove any controversy regarding the propriety of the consolidation.
We see no language within the pretrial stipulations that indicates a "definite and certain" assent to a consolidation of the claims, and we are not convinced that appellants intended for the stipulations to operate as a waiver to their challenge raised first in the trial court and now on appeal. See State v. Hurt , 361 N.C. 325, 329, 643 S.E.2d 915, 918 (2007) ("A stipulation must be 'definite and certain in order to afford a basis for judicial decision.' " (citations omitted)). If Judge Hunt lacked authority to consolidate the actions, moreover, any stipulation by the parties to the contrary would be "invalid and ineffective." See State v. Prevette , 39 N.C.App. 470, 472, 250 S.E.2d 682, 683 (1979) ("Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." (citations omitted)).
In the alternative, Boone Ford maintains that even if Judge Hunt improperly entered the order of consolidation, the judicial action does not constitute reversible error. Relying on In re Moore , 11 N.C.App. 320, 181 S.E.2d 118 (1971), Boone Ford asserts that "when the consolidation of actions for the purpose of trial is assigned as error, the appellant must show injury or prejudice arising therefrom." Id. at 322, 181 S.E.2d at 120 (citations omitted). And in this case, Boone Ford contends, appellants have failed to demonstrate any resulting prejudice from the consolidation.
As with the other cases cited by Boone Ford, In re Moore involved a slightly different issue than the one before us. Generally, where an appellant challenges the decision to consolidate actions for trial, the appellant must show that the trial court abused its discretion and the appellant was prejudiced therefrom.
*6 Barrier Geotechnical Contractors, Inc. v. Radford Quarries of Boone, Inc. , 184 N.C.App. 741, 744, 646 S.E.2d 840, 841-42 (2007) ; Markham v. Nationwide Mut. Fire Ins. Co. , 125 N.C.App. 443, 448, 481 S.E.2d 349, 353 (1997) ; Greenville City Bd. of Educ. v. Evans , 21 N.C.App. 493, 495-96, 204 S.E.2d 899, 901 (1974) ; In re Moore , 11 N.C.App. at 322, 181 S.E.2d at 120. The issue in this case, however, is not whether consolidation was proper in light of the criteria set forth under Rule 42(a) but whether Judge Hunt, who was not assigned to preside over the trial, had authority to consolidate the two actions. See Oxendine , 303 N.C. at 703, 281 S.E.2d at 373 (concluding that consolidation order was "procedurally in error" even though the two actions involved "related issues of fact and law, and therefore could be properly consolidated under Rule 42(a)"). As Oxendine indicates, the latter does not demand an inquiry into prejudice. Id. at 704, 281 S.E.2d at 373 (vacating consolidation order without any requisite showing of prejudice); see also *98 Maness v. Bullins , 27 N.C.App. 214, 217, 218 S.E.2d 507, 509-10 (1975) (reversing, without discussing prejudice, order granting separate trials on claims first tried jointly as corollary to rule that "consolidation of claims cannot be thrust upon a presiding judge by edict of another judge"). Rather, " '[w]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " Ferguson v. Ferguson , 238 N.C.App. 257, 267, 768 S.E.2d 30, 37 (2014) (quoting State v. Felmet , 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) ).
III. Conclusion
Absent the requisite authority, Judge Hunt erred in consolidating the cases for trial. We vacate the consolidation order and remand the cases to superior court. Our holding and disposition render moot the other issues raised on appeal.
VACATED AND REMANDED.
Judge ZACHARY concurs.
Judge DILLON dissents by separate opinion.