IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-750-2

Filed: 6 November 2018

Watauga County, Nos. 14 CVS 81, 14 CVS 502

BOONE FORD, INC., d/b/a BOONE FORD LINCOLN MERCURY, INC., a Delaware Corporation, Plaintiff,

v.

IME SCHEDULER, INC., a New York Corporation, Defendant.

and

CASH FOR CRASH, LLC, a New Jersey Limited Liability Company, Plaintiff,

v.

BOONE FORD, INC. d/b/a BOONE FORD LINCOLN MERCURY, INC., a Delaware Corporation, Defendant.

Appeal by IME Scheduler, Inc., and Cash for Crash, LLC ("appellants"), from judgment entered 1 March 2016 by Judge William H. Coward and order entered 21 April 2015 by Judge Jeff Hunt in Watauga County Superior Court. Originally heard in the Court of Appeals 25 January 2017. By opinion issued 18 April 2017, a divided panel of this Court, ___ N.C. App. ___, 800 S.E.2d 94 (2017), vacated Judge Hunt's 21 April 2015 consolidation order and remanded to the superior court for two separate trials, therefore declining to reach appellants' arguments as to Judge Coward's 1 March 2016 judgment. By opinion issued 17 August 2018, our Supreme Court, ___ N.C. ___, 817 S.E.2d 364 (2018), reversed and remanded the case to this Court to address those remaining arguments.

*Miller and Johnson, PLLC, by Nathan A. Miller, for defendant-appellant IME Scheduler, Inc., and plaintiff-appellant Cash for Crash, LLC.*

*Walker Di'Venere Wright, by Anné C. Wright, for plaintiff-appellee and defendant-appellee Boone Ford, Inc.*

ELMORE, Judge.

Previously, a divided panel of this Court, *Boone Ford, Inc. v. IME Scheduler, Inc.*, ___ N.C. App. ___, 800 S.E.2d 94 (2017) ("*Boone Ford I*"), vacated Judge Hunt's pretrial consolidation order, which effectively set aside the jury verdict and vacated Judge Coward's final judgment, and "remand[ed] the cases to superior court[,]" *id.* at ___, 800 S.E.2d at 98, for two separate trials. The majority panel thus determined its "holding and disposition render[ed] moot the other issues [as to the propriety of Judge Coward's judgment] raised on appeal." *Id.* The dissenting judge reasoned that because Judge Hunt's pretrial consolidation order was interlocutory, it was not binding when Judge Coward presided over the jury trial, and because neither appellants moved to sever the cases but proceeded with the consolidated trial, they failed to preserve their argument for appellate review and awarding them a new trial was unwarranted. *Id.* at ___, 800 S.E.2d at 99 (Dillon, J., dissenting).

On 17 August 2018, our Supreme Court reversed our decision in *Boone Ford I* and remanded "to consider other issues that [our] decision did not reach." *Boone Ford, Inc. v. IME Scheduler, Inc.*, ___ N.C. ___, ___, 817 S.E.2d 364, 368 (2018). Appellants' remaining arguments were that (1) "the trial court and the trier of fact

erred in denying C[ ]ash for Crash, LLC's motions in regards to the conversion allegation and in determining that Boone Ford, Inc. had not converted C[ ]ash for C[r]ash, LLC's money"; (2) "[t]he jury's finding in paragraph 25(1) of the Judgment and Order for Costs [was] inconsistent with the entirety of paragraph 25 of the Judgment and Order for Costs"; and (3) "[t]he trial court erred in granting . . . Boone Ford, Inc.'s motion for a directed verdict denying . . . IME Scheduler, Inc.'s negligent misrepresentation claim under N.C. R. Civ. P. 50." After careful review, we affirm Judge Coward's judgment.

## *I. Background*

The facts and trial procedure of this case are more fully discussed in our prior opinion. Relevant for addressing the remaining issues on remand, after Boone Ford sued IME Scheduler for the failed Raptor transaction, IME Scheduler filed counterclaims against Boone Ford alleging, *inter alia*, unfair and deceptive trade practices ("UDTP") and negligent misrepresentation. Cash for Crash also sued Boone Ford alleging, *inter alia*, a claim of conversion.

After IME Scheduler's case-in-chief, the trial court granted Boone Ford's motion for a directed verdict on IME Scheduler's negligent misrepresentation claim. After the presentation of all evidence, the jury rendered a verdict finding that Boone Ford did not convert the money wired from Cash for Crash and thus found Boone Ford not liable on Cash for Crash's conversion claim. The trial court later denied

Cash for Crash's oral motion for a judgment notwithstanding the verdict ("JNOV") on that claim. In its verdict sheet in response to questions concerning IME Scheduler's UDTP claim, the jury also found that Boone Ford had wrongfully retained $40,385.50 from IME Scheduler, that this act was in and affecting commerce, but that Boone Ford's conduct did not proximately cause injury to IME Scheduler. Additionally, in response to the question "[i]n what amount has IME been injured?" the jury answered "$0.00."

Based on the jury's findings that Boone Ford was entitled to $20,000.00 in compensatory damages from IME Scheduler due to fraud, and that Boone Ford was entitled to $50,000.00 in punitive damages from IME Scheduler due to UDTP, the trial court on 1 March 2016 entered a final judgment and order for costs awarding Boone Ford $70,000.00 in total damages from IME Scheduler.

## II. Analysis

In *Boone Ford I*, appellants raised the following three issues we declined to address based upon our disposition of their first issue: (1) whether the trial court erred by denying Cash for Crash's motion for JNOV on its conversion claim against Boone Ford, (2) whether the jury's findings on IME Scheduler's UDTP claim against Boone Ford were inconsistent, and (3) whether the trial court erred by granting Boone Ford's directed verdict motion on IME Scheduler's negligent misrepresentation claim.

## A. Cash for Crash's Motion for JNOV as to its Conversion Claim

Appellants first contend the jury erroneously found that Boone Ford did not unlawfully convert the $206,596.00 wired from Cash for Crash and, on this basis, that the trial court erred by denying Cash for Crash's motion for JNOV on its conversion claim. This argument is not preserved for appellate review.

North Carolina Civil Procedure Rule 50(b)(1) requires a party to move for a directed verdict at the close of evidence to preserve the right to move for JNOV. N.C. Gen. Stat. § 1A-1, Rule 50(b)(1) (2017); *see also id.* official cmt. ("[M]aking an appropriate motion for a directed verdict is an *absolute prerequisite* for the motion for judgment NOV." (emphasis added) (citations omitted)). Stated differently, "a motion for [JNOV] must be preceded by a motion for directed verdict at the close of all the evidence." *Graves v. Walston*, 302 N.C. 332, 338, 275 S.E.2d 485, 489 (1981) (interpreting N.C. Gen. Stat. § 1A-1, Rule 50(b)(1) (1979)).

Here, although Cash for Crash made an oral motion for JNOV on its conversion claim immediately after the jury returned its verdict, the transcript reveals it never moved for a directed verdict on that claim and thus waived its right to move for JNOV. *See, e.g.*, *Graves*, 302 N.C. at 338, 275 S.E.2d at 489 ("In the present case, plaintiffs did not move for directed verdict at the close of plaintiffs' evidence or at the close of all the evidence. Plaintiffs thus had no standing after the verdict to move for [JNOV] and for that reason the trial court was without authority to enter [JNOV] for plaintiffs."). Therefore, Cash for Crash's "JNOV arguments are waived on appeal."

*Martin v. Pope*, ___ N.C. App. ___, ___, 811 S.E.2d 191, 195 (2018); *see also Tatum v. Tatum*, 318 N.C. 407, 408, 348 S.E.2d 813, 813 (1986) ("Plaintiff failed to move for a directed verdict at the close of all the evidence. Therefore, plaintiff failed to preserve her right to move for [JNOV]." (citing *Graves*, 302 N.C. at 338, 275 S.E.2d at 489)).

**B. Damage Calculation as to IME Scheduler's UDTP Claim**

Appellants next challenge the jury's verdict as to IME Scheduler's UDTP claim against Boone Ford and, relatedly, the amount of compensatory damages awarded to Boone Ford. They argue that because "[t]he jury found that Boone Ford, Inc. had wrongfully retained IME Scheduler's $40,385.50 and that Boone Ford, Inc.'s act was in and affecting commerce[,]" the jury's finding that Boone Ford's conduct was not a proximate cause of injury to IME Scheduler was "inconsistent . . . and should be overturned." Appellants contend further that because the jury found Boone Ford was entitled to $32,000.00 in actual damages from IME Scheduler, "the only appropriate judgment would be to award IME Scheduler, Inc. at least the difference between the amount wrongly retained by Boone Ford, Inc. and the amount awarded to Boone Ford, Inc. which at a minimum would be $8,385.50." Thus, appellants request on appeal that this Court

> reverse the jury's conclusion that IME Scheduler, Inc. was
> damaged as a result of Boone Ford Inc.'s wrongful
> retention of IME Scheduler Inc.'s money and either make
> a finding that IME Scheduler, Inc. should be awarded the
> amount of $8,385.50 or that a new trial limited to the exact
> amount of damages due to IME Scheduler, Inc. pursuant to

IME Scheduler, Inc.'s claim for [UDTP] be held.

Appellants have failed to cite to any relevant legal authority to support these arguments. N.C. R. App. P. 28(b)(6). Nonetheless, we disagree with their contentions and decline their requests for appellate relief.

The challenged portion of the verdict sheet reads as follows:

> 25. [ ]Did Boone do or commit at least one of the following:
>
>> 1. [W]rongly retain IME's $40,385.50 or any portion thereof? (if "yes", answer the following question)
>>
>>> Answer: Yes.
>>
>> - Was that conduct in commerce or affecting commerce? (if "yes", answer the following question)
>>
>>> Answer: Yes.
>>
>> • Was that conduct a proximate cause of injury to IME?
>>
>>> Answer: No.

Additionally, in response to the related verdict sheet question on this claim "[i]n what amount has IME been injured?" the jury answered "$0.00."

"Where the jury's answers to the issues are allegedly contradictory, a motion for a new trial under Rule 59 is the appropriate motion." *Walker v. Walker*, 143 N.C. App. 414, 421, 546 S.E.2d 625, 630 (2001) (citing *Palmer v. Jennette*, 227 N.C. 377, 379, 42 S.E.2d 345, 347 (1947)). Here, because IME Scheduler never moved for a new trial on its UDTP claim, "the question of whether the [jury's] verdict was inconsistent

was not properly preserved for review on appeal." *Id.* at 422, 546 S.E.2d at 630; *see also* N.C. R. App. P. 10(a)(1). Further, a jury finding that a party committed an UDTP act does not compel a finding that that act proximately caused injury. IME Scheduler does not challenge the trial court's proximate cause instruction and, as reflected, the jury neither found that Boone Ford's conduct proximately caused injury to IME Scheduler nor that IME Scheduler suffered any monetary damages as to its UDTP claim. IME Scheduler's failed UDTP claim provides neither a basis for offsetting the compensatory damages awarded to Boone Ford, nor for ordering a new trial on the issue of damages as to that claim. Accordingly, we overrule this argument.

**C. Directed Verdict of Cash for Crash's Negligent Misrepresentation Claim**

Last, appellants assert the trial court erred by granting Boone Ford's directed verdict motion on IME Scheduler's negligent misrepresentation claim. We disagree.

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Scarborough v. Dillard's, Inc.*, 363 N.C. 715, 720, 693 S.E.2d 640, 643 (2009) (quoting *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991)). A directed verdict is proper only where "it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Id.* (quoting *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E.2d 678, 680 (1977)). Recovery in tort

arising out of a breach of contract is generally barred by North Carolina's economic loss rule:

> [A] tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract. It is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation.

*Rountree v. Chowan Cty.*, ___ N.C. App. ___, ___, 796 S.E.2d 827, 830 (2017) (quoting *Lord v. Customized Consulting Specialty, Inc.*, 182 N.C. App. 635, 639, 643 S.E.2d 28, 30–31 (2007); other citation omitted). Where parties were privy to a contract, a viable tort action "must be grounded on a violation of a duty imposed by operation of law, and the right invaded must be one that the law provides without regard to the contractual relationship of the parties, rather than one based on an agreement between the parties." *Croker v. Yadkin, Inc.*, 130 N.C. App. 64, 69, 502 S.E.2d 404, 407–08 (1998) (quoting *Asheville Contracting Co. v. City of Wilson*, 62 N.C. App. 329, 342, 303 S.E.2d 365, 373 (1983)).

Here, the trial court submitted both IME Scheduler's and Boone Ford's breach of contract and fraud claims to the jury but granted both parties' motions for directed verdict on their negligent misrepresentation claims. "The tort of negligent misrepresentation occurs when (1) a party justifiably relies, (2) to his detriment, (3) on information prepared without reasonable care, (4) by one who owed the relying

party a duty of care." *Walker v. Town of Stoneville*, 211 N.C. App. 24, 30, 712 S.E.2d 239, 244 (2011) (quoting *Simms v. Prudential Life Ins. Co. of Am.*, 140 N.C. App. 529, 532, 537 S.E.2d 237, 240 (2000)). The evidence, taken in the light most favorable to IME Scheduler, failed to establish that Boone Ford owed IME Scheduler any separate duty of care beyond that of the contractual relationship. IME Scheduler's negligent misrepresentation claim was barred by the economic loss rule. Accordingly, we affirm the trial court's ruling.

As a secondary matter, we note that even had the trial court erred by directing verdict on IME Scheduler's negligent misrepresentation claim, it would not be grounds for appellate relief in this case. N.C. Gen. Stat. § 1A-1, Rule 61 (2017) ("[N]o error . . . in any ruling . . . is ground[s] for granting a new trial or setting aside a verdict . . . , unless refusal to take such action amounts to the denial of a substantial right."). Boone Ford's trial position was that the parties contracted for the Raptor with the VIN number ending in 6435, while IME Scheduler's position was that they contracted for the Raptor with the VIN number ending in 7953. To prevail on its negligent misrepresentation claim, IME Scheduler was required to prove as alleged that, *inter alia*, it justifiably relied on Boone Ford's alleged false representation as to which Raptor was under contract. *Walker*, 211 N.C. App. at 30, 712 S.E.2d at 244.

The jury's finding that "the parties enter[ed] a contract with the terms contended by Boone" establishes that IME Scheduler's reliance on Boone Ford's

alleged false representation would have been unjustified. *Cf. Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc.*, 133 F.3d 1405, 1410 (11th Cir. 1998) ("In most cases, the question of justifiable reliance is a jury question, but where a representation is controverted by the express terms of a contract, a plaintiff will be unable, *as a matter of law*, to establish that his reliance is justifiable." (citations omitted)). Accordingly, even if IME Scheduler's negligent misrepresentation claim should have been submitted to the jury, any error arising from the ruling was harmless. *See, e.g., Sledge v. Miller*, 249 N.C. 447, 453–54, 106 S.E.2d 868, 874 (1959) (holding the trial court's refusal to submit the issue of damages for trespass [was] harmless where "[t]he finding of the jury that defendants were the owners of the land from which the timber was cut negatived plaintiff's claim of trespass and defeated his claim for damages").

### III. Conclusion

Because the trial court properly denied Cash for Crash's motion for JNOV on its conversion claim against Boone Ford, the compensatory damages awarded Boone Ford were supported by the jury's verdict, and the trial court properly granted Boone Ford's directed verdict motion on IME Scheduler's negligent misrepresentation claim, we affirm the trial court's judgment.

AFFIRMED.

Judges DILLON and ZACHARY concur.