IN RE AMY HOPE MOORE, A MINOR

No. 712DC203

(Filed 26 May 1971)

1. **Rules of Civil Procedure § 42— consolidation of actions — cases involving custody of sisters**

    The district court properly consolidated the case involving the custody of a minor girl with the case involving the custody of her two older sisters. G.S. 1A-1, Rule 42(a).

2. **Parent and Child § 6; Infants § 9— custody of children — rights of surviving parent who murdered his wife**

    The desires of the surviving parent with reference to the custody of his children are not binding on the court, especially where the parent is currently serving a life sentence for the murder of his wife.

APPEAL by petitioner from *Ward, District Judge,* October 1970 Session of BEAUFORT County, the General Court of Justice, District Court Division.

Petitioner instituted this action by filing a writ of *habeas corpus* seeking the custody of Amy Hope Moore. Petitioner alleged that Amy Hope Moore is one of three children born to Sam Nick Moore and JoAnn Woolard Moore; that Sam Nick Moore is presently an inmate in the State's prison, having been convicted of killing JoAnn Woolard Moore; that petitioner is the paternal aunt of Amy Hope Moore, and that respondent, Mrs. Mary B. Woolard is the maternal grandmother; that in a proceeding involving the custody of the two older children, Vickie Ann Moore and Sandra Annette Moore, petitioner was granted complete control and custody of those two children; that Amy Hope Moore was not included in the custody proceeding involving the two older children and has been living with respondent, and respondent has refused to allow her to come live with her sisters; and that the growth of strong ties compels that the sisters should all live in the same home if possible. Petitioner prays that she be granted full and complete custody of Amy Hope Moore.

The proceeding involving the custody of the two older children, In the Matter of Vickie Ann Moore and Sandra Annette Moore, was transferred from the superior court to the district court by an order entered 24 July 1970. On 8 September 1970, the trial judge allowed respondent's motion to consolidate the two cases. Respondent then filed a motion in the cause seeking

the custody of Vickie Ann Moore and Sandra Annette Moore. Respondent had previously filed an answer seeking to retain custody of Amy Hope Moore.

After hearing the evidence presented by the parties, the trial judge made findings of fact to the effect that both the petitioner and the respondent are fit and proper persons to have custody of the minor children; that all three children have adjusted well to their present environments and are being properly cared for; and that Sam Nick Moore, the father of the children, serving a life sentence in prison for the murder of his wife, desires that petitioner be granted exclusive custody of all three children. The trial judge then concluded that it is in the best interest of Amy Hope Moore to place her in complete custody and control of respondent, and that there is insufficient evidence to warrant removing Vickie Ann Moore and Sandra Annette Moore from the custody of petitioner. Based on the findings of fact and the conclusions of law, the trial judge ordered that respondent be granted custody of Amy Hope Moore, and that petitioner be granted custody of Vickie Ann Moore and Sandra Annette Moore.

From this order petitioner appeals to this Court.

*Frazier T. Woolard for petitioner appellant.*

*Wilkinson & Vosburgh by John A. Wilkinson for respondent appellee.*

CAMPBELL, Judge.

[1] Petitioner's first assignment of error is directed at the order of the trial judge consolidating the case involving the custody of Amy Hope Moore with the case involving the custody of her two older sisters, Vickie Ann Moore and Sandra Annette Moore. There is no merit in this assignment of error. Rule 42(a) of the North Carolina Rules of Civil Procedure provides:

"When actions involving a common question of law or fact are pending in one division of the court, the judge may order a joint hearing or trial of any or all of the matters in issue in the actions; he may order all the actions consolidated; and he may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. When actions involving a common question of law or fact are pending in both the superior and the district

court of the same county, a judge of the superior court in which the action is pending may order all the actions consolidated, and he may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Both cases were pending in the district court. While the case involving the custody of the two older children had originated in the superior court, it had been transferred to the district court by an order entered 24 July 1970. Both cases being properly before the district court, it was within the discretion of the trial judge as to whether consolidation should be allowed. G.S. 1-1A, Rule 42(b); *Davis v. Jessup* and *Carroll v. Jessup,* 257 N.C. 215, 125 S.E. 2d 440 (1962); *Phelps v. McCotter,* 252 N.C. 66, 112 S.E. 2d 736 (1960); see also 1 McIntosh, N. C. Practice 2d, § 1342 (Supp. 1970). An action of the trial judge as to a matter within his judicial discretion will not be disturbed unless a clear abuse of discretion is shown. *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970). Moreover, when the consolidation of actions for the purpose of trial is assigned as error, the appellant must show injury or prejudice arising therefrom. *Davis v. Jessup* and *Carroll v. Jessup, supra.* From the record before us, no abuse of discretion, injury or prejudice is made to appear.

[2] Petitioner next assigns as error the action of the trial judge in "failing to recognize the rights of Samuel Nick Moore regarding his position as a surviving parent and the custody of his children." Petitioner specifically contends that because Samuel Nick Moore expressed a desire that all three of his children live together with petitioner, the trial judge erred in disregarding that desire. There is no merit in this contention. " 'The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody.' . . ." *Wilson v. Wilson,* 269 N.C. 676, 153 S.E. 2d 349 (1967). The desires of the surviving parent with reference to the custody of his children are not binding on the court. See 3 Lee, N. C. Family Law, § 225, p. 30 (1963). Samuel Nick Moore, currently serving a life sentence for the murder of his wife (see *State v. Moore,* 275 N.C. 198, 166 S.E. 2d 652 (1969); and *State v. Moore,* 276 N.C. 142, 171 S.E. 2d 453 (1970)), is not in a position to decide the custody of his children.

We have reviewed the record in this case and the evidence adduced at the hearing supports the findings of fact of the trial judge and those findings support the judgment entered.

For the reasons stated, the judgment of the district court is

Affirmed.

Judges BRITT and GRAHAM concur.