GREENVILLE CITY BOARD OF EDUCATION v. PLATO G. EVANS
AND WIFE, SARA Y. EVANS

No. 743SC229

(Filed 15 May 1974)

1. **Eminent Domain § 8— condemnation of city school site — necessary parties — county commissioners**

　　In this condemnation action instituted by a city board of education, there is no merit in the contention that the board of county commissioners was a necessary party because the taking could not be accomplished if the commissioners did not have sufficient funds to compensate respondents where petitioner has sufficient funds in escrow to pay the amount found by the jury to be the fair market value of the land being taken.

2. **Eminent Domain § 8; Trial § 8— condemnations of contiguous tracts — consolidation for trial**

　　The trial court properly consolidated for trial separate actions instituted by a city board of education condemning contiguous tracts of land. G.S. 1A-1, Rule 42 (a).

3. **Eminent Domain § 6; Trial § 10— ruling on objection — comment by court — absence of prejudice**

   Respondents in a condemnation action were not prejudiced when the court sustained an objection to a question regarding the value of the subject property by saying "he could use a Ouija board but that wouldn't be much help."

4. **Eminent Domain § 6— probability of zoning change — contiguous tract**

   Respondents in a condemnation action were not entitled to an instruction that in determining the fair market value the jury could consider the probability of a change in zoning classification where the only evidence of a potential change in zoning related to a contiguous tract.

5. **Eminent Domain § 7— condemnation of school site — disagreement on purchase price**

   There is no merit in the contention that the court was without jurisdiction to enter judgment in a condemnation proceeding instituted by a school board on the ground that there was no evidence or finding that the parties could not agree on a purchase price as required by G.S. 40-11 where the pretrial order contains a stipulation that the parties unsuccessfully discussed the possibility of a settlement and the record shows that the parties have been unable to agree on a purchase price.

6. **Eminent Domain § 5— interest on judgment — date of right to possession**

   The landowner is entitled to interest from the date the condemnor acquires the right to possession, not from the date the petition is filed.

APPEAL from *Cowper, Judge,* 10 September 1973 Session of PITT County Superior Court. Argued in the Court of Appeals 11 April 1974.

On 16 November 1972, the Greenville City Board of Education filed a petition seeking to acquire a 17.47-acre tract from respondents and a contiguous 12.7-acre tract belonging to Guy C. Evans, brother of respondent Plato G. Evans. In response to the petition, respondents denied that they had been unable to agree on a fair sales price, but stated they had agreed with the Board to sell the property at a price of $5,000 per acre. Respondents also moved that the Board of Commissioners of Pitt County be made a party, and the motion was denied by the Clerk of Superior Court and the denial affirmed by the Superior Court.

The court appointed a Commission to appraise the property, and the Commission determined that the sum of $91,844 should be paid respondents. The Clerk of Superior Court of Pitt County affirmed the order of the Commission. Both petitioner

and respondents excepted to the judgment awarded by the Clerk and requested a trial *de novo* in Superior Court. The case was heard by Judge Cowper sitting with a jury and a verdict of $80,040 was returned, representing less than the allegedly agreed upon price of $5,000 per acre. From the signing and entry of judgment, respondents appealed.

*Gaylord and Singleton, by L. W. Gaylord, Jr., for petitioner appellee.*

*Sam B. Underwood, Jr., and Samuel J. Manning for Plato G. Evans and wife, Sara Y. Evans, respondent appellants.*

MORRIS, Judge.

[1]  We cannot sustain respondents' argument that the Board of County Commissioners should have been joined as a necessary party. The motion was made on the ground that no funds may be expended for a school site without its approval. G.S. 115-78(c) (1) provides in pertinent part:

" . . . no contract for the purchase of the site shall be executed nor any funds expended therefor without the approval of the board of county commissioners as to the amount to be spent for the site; and in case of a disagreement between a board of education and a board of county commissioners as to the amount to be spent for the site, the procedure provided in G.S. 115-87 shall, insofar as the same may be applicable, be used to settle the disagreement."

Respondents contend that the Board is a necessary party inasmuch as the court cannot order that the land be taken when the taking cannot be accomplished as a matter of law. *Vance County v. Royster*, 271 N.C. 53, 155 S.E. 2d 790 (1967). The taking—according to respondents—would be impossible as a matter of law if it should appear that the Board did not have on hand sufficient funds to compensate respondents. From the record it appears that petitioner has on hand and in escrow sufficient funds to pay the $80,040 found by the jury to be the fair market value of the land being taken.

[2]  Respondents assign error to the consolidation of the case *sub judice* and the case involving the condemnation of the contiguous tract of Guy Evans. They contend that they were prejudiced by the fact that petitioner sought to acquire 30.17 acres of "Evans Land" and that different issues were to be submitted

to the jury relative to each tract. Under G.S. 1A-1, Rule 42(a), the trial court has the discretion to consolidate "actions involving a common question of law or fact."

> "A trial court has the discretionary power, even ex mero motu, to consolidate actions for trial. He may do so even though the actions are instituted by different plaintiffs against a common defendant, or by the same plaintiff against several defendants, when the causes of action grow out of the same transaction and substantially the same defenses are interposed, provided that such consolidation results in no prejudice or harmful complications to either party." 7 Strong, N. C. Index 2d, Trial, § 8, pp. 265-266.

From the record it is apparent that consolidation was proper within the purview of the above rule, and respondents have not been prejudiced thereby.

[3] We have carefully reviewed respondents' assignments of error to various evidentiary rulings of the court and we fail to perceive that they have been prejudiced. Nor do we find prejudice in the court's sustaining an objection to a question regarding the factors used in determining the value of the subject property by saying "he could use a Ouija board but that wouldn't be much help." This isolated comment, when viewed in conjunction with the entire record, cannot be deemed so disparaging in its effect that it can reasonably be said to have prejudiced respondents.

[4] Respondents assign error to the failure of the trial court to instruct the jury that they should consider, in determining the fair market value of the land, the probability of a change in the zoning of that land. We hold that respondents were not entitled to such an instruction, for the only evidence of a potential change in zoning classification was introduced relative to the Guy Evans tract. This fact that a contiguous tract had been considered for rezoning gives rise to no inference that the tract under consideration will be rezoned. If a possible change in a zoning ordinance is purely speculative, it may not be considered in determining the fair market value of the land. *Highway Comm. v. Hamilton*, 5 N.C. App. 360, 168 S.E. 2d 419 (1969).

[5] It is respondents' position that the court was without jurisdiction to enter judgment since there was no evidence or finding of fact that the parties could not agree on a purchase price for the subject property as required by G.S. 40-11. We cannot sus-

tain this assignment, since the pretrial order contains a stipulation that the parties have unsuccessfully discussed the possibility of a settlement. Furthermore, the record clearly shows that the petitioner and respondents have been unable to agree on the purchase price.

[6]  Likewise, we are unable to sustain respondents' assignment of error to the failure of the trial court to allow interest on the judgment from the date of the taking—contended by respondents to be 16 November 1972, the date of the filing of the petition. It is well established as the law in this State that the landowner is entitled to interest from the date the condemnor acquires the right to possession, not from the date the petition is filed. *Light Co. v. Briggs,* 268 N.C. 158, 150 S.E. 2d 16 (1966).

No error.

Judges CAMPBELL and VAUGHN concur.