IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-750

Filed: 18 April 2017

Watauga County, Nos. 14 CVS 81, 14 CVS 502

BOONE FORD, INC. d/b/a BOONE FORD LINCOLN MERCURY, INC., a Delaware
Corporation, Plaintiff,

v.

IME SCHEDULER, INC., a New York Corporation, Defendant.

and

CASH FOR CRASH, LLC, a New Jersey Limited Liability Company, Plaintiff,

v.

BOONE FORD, INC. d/b/a BOONE FORD LINCOLN MERCURY, INC., a Delaware
Corporation, Defendant.

Appeal by defendant IME Scheduler, Inc. and plaintiff Cash for Crash, LLC

from judgment entered 1 March 2016 by Judge William H. Coward in Watauga

County Superior Court. Heard in the Court of Appeals 25 January 2017.

*Miller & Johnson, PLLC, by Nathan A. Miller, for defendant-appellant IME
Scheduler, Inc. and plaintiff-appellant Cash for Crash, LLC.*

*Walker DiVenere Wright, by Anné C. Wright, for appellee Boone Ford, Inc.*

ELMORE, Judge.

This appeal involves a challenge to the consolidation of two actions for trial in

superior court. Boone Ford, Inc. filed a complaint against IME Scheduler, Inc.

alleging several claims arising from the unsuccessful sale of a 2013 Ford SVT Raptor pickup truck. IME Scheduler counterclaimed and its affiliate, Cash for Crash, LLC, filed a separate complaint against Boone Ford after the dealership refused to immediately return a $206,596.00 wire transfer on suspicion of money laundering.

Upon Boone Ford's motion, Judge Jeff Hunt entered an order consolidating the two cases for trial, which was held at the 1 February 2016 session of the Watauga County Superior Court, Judge William H. Coward presiding. The jury denied all claims raised by IME Scheduler and Cash for Crash and returned a verdict in favor of Boone Ford. IME Scheduler and Cash for Crash appeal, arguing, *inter alia*, that Judge Hunt lacked authority to consolidate the cases. Because that authority is reserved for the judge presiding over the trial, we vacate the order of consolidation and remand to the superior court.

## I. Background

In October 2013, IME Scheduler contacted Boone Ford to purchase a 2013 Ford SVT Raptor pickup truck. At the time, Boone Ford did not have the truck in stock. In exchange for a newer model, Boone Ford acquired a 2013 SVT Raptor from a dealership in West Virginia to consummate the sale with IME Scheduler.

As alleged in the pleadings, Boone Ford believed that it was selling the 2013 SVT Raptor it had acquired from West Virginia, which had a VIN ending in -66435 and an 800A options package, for $49,385.50. On or about 6 November 2013, Boone

Ford faxed to IME Scheduler a window sticker of the Raptor and a bill of sale for the same. After receiving the fax, IME Scheduler issued a $9,000.00 down payment via American Express credit card and, on 12 November 2013, wired the remaining balance of $40,385.50 to Boone Ford.

A dispute arose two days later when IME Scheduler requested another copy of the window sticker via e-mail. When the sticker described a Raptor 800A, IME Scheduler insisted that Boone Ford had sold the wrong truck. IME Scheduler believed it was purchasing a 2013 SVT Raptor with a VIN ending in -97953 and an 801A options package for $49,385.50. It also alleged that Boone Ford had previously faxed a window sticker of the Raptor 801A. Unable to resolve the conflict, IME Scheduler canceled the $9,000.00 down payment. Boone Ford refused to refund the $40,385.50 and, sometime later, sold the Raptor 800A to another party.

On 19 February 2014, Boone Ford received an unexpected wire of $206,596.00 into its account. The wire originated from Cash for Crash. Alfred Glover, the owner of Boone Ford, learned that Cash for Crash was affiliated with IME Scheduler and that the organizations were located in New Jersey and New York, respectively. Concerned that they were trying to launder money through his dealership or involve him in illegal activity, Glover contacted the Boone Police Department, Attorneys General, FBI, CIA, and Department of Homeland Security. Cash for Crash insisted that the wire was a result of human error and demanded the money be returned, but

Glover refused to do so until an investigation was complete. Approximately two months later, Glover returned the $206,596.00 at the direction of the Boone Police Department which had found no connection to money laundering.

Boone Ford filed a complaint against IME Scheduler alleging breach of contract, fraud, negligent misrepresentation, unfair and deceptive trade practices (UDTP), and punitive damages arising out of the failed Raptor transaction. IME Scheduler filed a counterclaim alleging the same claims against Boone Ford. Cash for Crash also filed a complaint against Boone Ford, alleging conversion, UDTP, fraud, and punitive damages arising out of the $206,596.00 wire transfer.

Upon Boone Ford's motion, Judge Hunt consolidated the cases and they were tried together before Judge Coward in Watauga County Superior Court. The jury found for Boone Ford on its breach of contract, fraud, and UDTP claims against IME Scheduler, awarding $20,000.00 in compensatory damages and $50,000.00 in punitive damages. IME Scheduler and Cash for Crash appeal.

## II. Discussion

Appellants argue that Judge Hunt erred in granting Boone Ford's motion to consolidate because Judge Coward, who presided over the trial, had the exclusive authority to consolidate the actions.

Rule 42(a) of the North Carolina Rules of Civil Procedure provides the trial court with authority to consolidate pending "actions involving a common question of

law or fact." N.C. Gen. Stat. § 1A-1, Rule 42(a) (2015). Whether two or more cases should be consolidated for trial is a decision left to the sound discretion of the judge who will preside over the trial. *Pickard v. Burlington Belt Corp.*, 2 N.C. App. 97, 103, 162 S.E.2d 601, 604–05 (1968). "[A] consolidation cannot be imposed upon the judge presiding at the trial by the preliminary [o]rder of another trial judge." *Id.*

In *Oxendine v. Catawba County Department of Social Services*, 303 N.C. 699, 703–04, 281 S.E.2d 370, 373 (1981), the North Carolina Supreme Court affirmed our decision to vacate a consolidation order entered by a judge who was not scheduled to preside over the trial. The plaintiffs had filed a complaint in district court seeking permanent custody of their foster child. *Id.* at 701, 281 S.E.2d at 372. Several weeks later, they filed a petition in superior court for the adoption of the same child. *Id.* Upon the defendant's motion, Judge Forrest A. Ferrell entered an order consolidating the custody action and adoption proceedings for a joint trial in superior court. *Id.* at 701–02, 281 S.E.2d at 372. The plaintiffs petitioned for writ of certiorari before the trial date, arguing that Judge Ferrell erred in granting the defendant's motion to consolidate. *Id.* at 702, 281 S.E.2d at 372.

Although the custody action and petition for adoption involved "related issues of fact and law," the North Carolina Supreme Court held that, procedurally, the consolidation was in error: "[T]he discretionary ruling of one superior court judge to consolidate claims for trial may not be forced upon another superior court judge who

is to preside at that trial." *Id.* at 703–04, 281 S.E.2d at 373. Judge Ferrell had entered the consolidation order "out of term and out of session." *Id.* at 704, 281 S.E.2d at 373. And because "[t]here was no indication that he was scheduled to preside at the session of court during which he set the consolidated cases to be presented for trial," the Court concluded that "Judge Ferrell's order of consolidation must be vacated." *Id.*

At the hearing on Boone Ford's motion to consolidate, appellants urged Judge Hunt that, pursuant to *Oxendine*, he did not have the authority to consolidate the two actions. That authority, appellants argued, was reserved for the judge presiding over the trial. Judge Hunt acknowledged that he did not know which trial judge would be assigned to the cases but nevertheless entered an order granting Boone Ford's motion to consolidate. The cases were ultimately tried together at the 1 February 2016 session of the Watauga County Superior Court before Judge Coward. Because Judge Hunt was not the judge who presided over the trial, he did not have authority to consolidate the actions.

Boone Ford nevertheless contends that appellants waived their right to object to the consolidation, directing our attention to the following stipulations in the signed pretrial order:

> 1. It is stipulated that all parties are properly before the Court, and that the Court has jurisdiction over the parties and the subject matter.

> 2.    It is stipulated that all parties have been correctly designated and there is no issue as to misjoinder or non-joinder of parties.

Boone Ford argues that these stipulations are judicial admissions, the effect of which is to remove any controversy regarding the propriety of the consolidation.

We see no language within the pretrial stipulations that indicates a "definite and certain" assent to a consolidation of the claims, and we are not convinced that appellants intended for the stipulations to operate as a waiver to their challenge raised first in the trial court and now on appeal. *See State v. Hurt*, 361 N.C. 325, 329, 643 S.E.2d 915, 918 (2007) ("A stipulation must be 'definite and certain in order to afford a basis for judicial decision.' " (citations omitted)). If Judge Hunt lacked authority to consolidate the actions, moreover, any stipulation by the parties to the contrary would be "invalid and ineffective." *See State v. Prevette*, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683 (1979) ("Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." (citations omitted)).

In the alternative, Boone Ford maintains that even if Judge Hunt improperly entered the order of consolidation, the judicial action does not constitute reversible error. Relying on *In re Moore*, 11 N.C. App. 320, 181 S.E.2d 118 (1971), Boone Ford asserts that "when the consolidation of actions for the purpose of trial is assigned as error, the appellant must show injury or prejudice arising therefrom." *Id.* at 322, 181

S.E.2d at 120 (citations omitted). And in this case, Boone Ford contends, appellants have failed to demonstrate any resulting prejudice from the consolidation.

As with the other cases cited by Boone Ford, *In re Moore* involved a slightly different issue than the one before us. Generally, where an appellant challenges the decision to consolidate actions for trial, the appellant must show that the trial court abused its discretion and the appellant was prejudiced therefrom. *Barrier Geotechnical Contractors, Inc. v. Radford Quarries of Boone, Inc.*, 184 N.C. App. 741, 744, 646 S.E.2d 840, 841–42 (2007); *Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 448, 481 S.E.2d 349, 353 (1997); *Greenville City Bd. of Educ. v. Evans*, 21 N.C. App. 493, 495–96, 204 S.E.2d 899, 901 (1974); *In re Moore*, 11 N.C. App. at 322, 181 S.E.2d at 120. The issue in this case, however, is not whether consolidation was proper in light of the criteria set forth under Rule 42(a) but whether Judge Hunt, who was not assigned to preside over the trial, had *authority* to consolidate the two actions. *See Oxendine*, 303 N.C. at 703, 281 S.E.2d at 373 (concluding that consolidation order was "procedurally in error" even though the two actions involved "related issues of fact and law, and therefore could be properly consolidated under Rule 42(a)"). As *Oxendine* indicates, the latter does not demand an inquiry into prejudice. *Id.* at 704, 281 S.E.2d at 373 (vacating consolidation order without any requisite showing of prejudice); *see also Maness v. Bullins*, 27 N.C. App. 214, 217, 218 S.E.2d 507, 509–10 (1975) (reversing, without discussing prejudice, order granting

- 8 -

separate trials on claims first tried jointly as corollary to rule that "consolidation of claims cannot be thrust upon a presiding judge by edict of another judge"). Rather, " '[w]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " *Ferguson v. Ferguson*, 238 N.C. App. 257, 267, 768 S.E.2d 30, 37 (2014) (quoting *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)).

## III. Conclusion

Absent the requisite authority, Judge Hunt erred in consolidating the cases for trial. We vacate the consolidation order and remand the cases to superior court. Our holding and disposition render moot the other issues raised on appeal.

VACATED AND REMANDED.

Judge ZACHARY concurs.

Judge DILLON dissents by separate opinion.

No. COA16-750 – BOONE FORD, INC. v. IME SCHEDULER, INC.

DILLON, Judge, dissenting.

I respectfully dissent.

This appeal involves two pending civil actions.  Boone Ford, who is a party to both actions, moved to consolidate the two actions for trial.  Boone Ford's motion was granted by Judge Hunt.  Sometime later, the "consolidated" matter came on for trial before Judge Coward.  None of the parties asked Judge Coward to sever the matter. A jury was empaneled and returned verdicts in favor of Boone Ford.

I agree with the majority and with the appellants that Judge Hunt's consolidation order had no binding effect on Judge Coward.  Thus, it was within Judge Coward's discretion whether to sever the matter into two trials, notwithstanding Judge Hunt's prior order.

I disagree, however, that the appellants are entitled to have the jury verdicts set aside and the judgments vacated.  When the matters came before Judge Coward for the "consolidated" trial, no party made any motion to sever.  Had the appellants wanted the matter severed, they could have simply made a motion before Judge Coward requesting that the trial judge enter an order to do so.  He had the authority, since Judge Hunt's order was reviewable by the judge presiding at trial.  However, the appellants did not make a severance motion.  Rather, *they stipulated to Judge Coward's jurisdiction* and proceeded with the trial.  They picked a jury.  The jury returned a verdict that the appellants did not like.  There was no reversible error at trial.  Therefore, I conclude that the appellants are not entitled to a new trial based

on Judge Hunt's pre-trial consolidation order, which they failed to ask Judge Coward to revisit. To allow such relief would allow appellants two bites at the proverbial apple.

Our Supreme Court has oft stated that "one superior court judge ordinarily may not overrule a prior judgment of another superior judge in the same case on the same issue." *State v. Duvall*, 304 N.C. 557, 561, 284 S.E.2d 495, 498 (1981). Our Supreme Court has held that "[t]his rule does not apply, however, to *interlocutory* orders given during the progress of an action which affect the procedure and conduct of the trial." *State v. Stokes*, 308 N.C. 634, 642, 304 S.E.2d 184, 189 (1983). Relevant to the present appeal, our Supreme Court has held that "a pretrial ruling by a superior court judge consolidating claims for trial was not binding on the superior court judge who tried the case." *Id.* at 642, 304 S.E.2d at 190 (citing *Oxendine v. Dept. of Social Services*, 303 N.C. 699, 281 S.E.2d 370 (1981)).

Based on *Oxendine*, as the majority and the appellants stress, Judge Hunt's consolidation order in this matter had no binding effect on Judge Coward. However, I do not believe that *Oxendine* compels that we set aside the jury verdicts, vacate the judgments, and remand the matters for separate trials. In *Oxendine*, the posture of the case was totally different. No trial had yet occurred when the appeal was taken. Rather, in *Oxendine,* a judge's consolidation order was appealed immediately. The Supreme Court vacated the consolidated order, holding that the order had no effect

2

on the ability of the judge who would preside at trial to exercise discretion as to whether to consolidate the matters.

Here, however, the appellants did *not* immediately appeal Judge Hunt's consolidation order. And when the matter came on for trial, they *never* made any motion asking Judge Coward to sever the matter, though it was totally within Judge Coward's authority to consider such a motion, notwithstanding Judge Hunt's prior order. Rather, they rolled the dice and proceeded with the consolidated trial, *even stipulating that the matters were properly before Judge Coward's court.* They are only now complaining after the jury verdict did not go their way. To allow them a new trial would be totally unfair to Boone Ford.

I conclude that by failing to ask Judge Coward to sever the matter, the appellants failed to preserve their argument concerning Judge Hunt's order. I also conclude that there was no reversible error with respect to appellants' other arguments on appeal. Accordingly, my vote is no error.