Crescent Univ. City Venture, LLC v. AP Atl., Inc., 2018 NCBC 91.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

CRESCENT UNIVERSITY CITY
VENTURE, LLC,

        Plaintiff,

v.

AP ATLANTIC, INC. d/b/a
ADOLFSON & PETERSON
CONSTRUCTION,

        Defendant,

v.

MADISON CONSTRUCTION
GROUP, INC.; TRUSSWAY
MANUFACTURING, INC.; T. A.
KAISER HEATING & AIR, INC.;
SEARS CONTRACT, INC.; MACEDO
CONTRACTING CO.; WHALEYS
DRYWALL, LLC; STALLINGS
DRYWALL, LLC; MAYNOR PI, INC.;
MATUTE DRYWALL, INC.;
INTERIOR DISTRIBUTORS, A
DIVISION OF ALLIED BUILDING
PRODUCTS, CORP.; MANUEL
BUILDING CONTRACTORS, LLC;
EAGLES FRAMING COMPANY,
INC.; DIAZ CARPENTRY, INC.;
SOCORRO CASTILLE MONTLE;
and GUERRERO CONSTRUCTION
PRO, INC.

        Third-Party
        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 14745 (Master File)

**ORDER AND OPINION CONCERNING
FURTHER DISCOVERY IN
CONSOLIDATED CASE AND ORDER
TO MEDIATE**

| | |
|---|---|
| MADISON CONSTRUCTION GROUP, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| MANUEL BUILDING CONTRACTORS, LLC, | |
| Fourth-Party Defendant. | |

| | |
|---|---|
| CRESCENT UNIVERSITY CITY VENTURE, LLC, | 16 CVS 14844 (Related Case) |
| Plaintiff, | |
| v. | |
| ADOLFSON & PETERSON, INC., | |
| Defendant. | |

| | |
|---|---|
| CRESCENT UNIVERSITY CITY VENTURE, LLC, | 18 CVS 1642 (Related Case) |
| Plaintiff, | |
| v. | |
| TRUSSWAY MANUFACTURING, INC.; and TRUSSWAY MANUFACTURING, LLC, | |
| Defendants. | |

1. **THIS MATTER** is before the Court *sua sponte* to address certain matters raised by the parties' August 3, 2018 Joint Status Report (the "Status Report") and

discussed at the August 20, 2018 telephone status conference in the above-captioned case.

2. After considering the Status Report and the arguments of counsel at the August 20, 2018 status conference, the Court, in the exercise of its discretion, hereby resolves these matters and enters rulings on the conduct of further discovery as set forth herein.

*Troutman Sanders LLP, by Kiran H. Mehta, Samuel T. Reaves, and Kristen L. Schneider, Bradley Arant Boult Cummings LLP, by Avery A. Simmons and Douglas Patin, and the Law Firm of John D. Bond, III, by John D. Bond, for Plaintiff Crescent University City Venture, LLC.*

*Robinson, Elliot & Smith, by William C. Robinson, James, McElroy & Diehl, P.A., by Dorothy M. Gooding, Johnston, Allison & Hord, P.A., by Greg C. Ahlum, Robert L. Burchette, and Parker Evans Moore, Hall Booth Smith, P.C., by Alan R. Belcher, Jr. and Robert McCune, and Ragsdale Liggett PLLC, by William W. Pollock and Edward E. Coleman, III, for Defendant AP Atlantic, Inc. d/b/a Adolfson & Peterson Construction.*

*Johnston, Allison & Hord, P.A., by Greg C. Ahlum, Robert L. Burchette, and Parker Evans Moore, for Defendant Adolfson & Peterson, Inc.*

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by Brian E. Wolfe and Robert Gunst, for Third-Party Defendant Madison Construction Group, Inc.*

*Smith Moore Leatherwood LLP, by Jeffrey P. MacHarg, and Pagel, Davis & Hill, P.C., by Martyn B. Hill and Kent J. Pagel, for Defendant/Third-Party Defendant Trussway Manufacturing, LLC f/k/a Trussway Manufacturing, Inc.*

*Goodman McGuffey LLP, by James W. Flynn and Grayson Shephard, for Third-Party Defendant T.A. Kaiser Heating & Air, Inc.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by David Levy and Adam deNobriga, for Third-Party Defendant Sears Contract, Inc.*

*Cranfill Sumner & Hartzog LLP, by John Ong, for Third-Party Defendant Interior Distributors.*

Bledsoe, Chief Judge.

## I.

## BACKGROUND

3. These consolidated actions all arise from the construction of a student apartment complex (the "Project") near the University of North Carolina at Charlotte. *Crescent Univ. City Venture, LLC v. Trussway Mfg., Inc.*, 2018 NCBC LEXIS 74, at *2 (N.C. Super. Ct. July 16, 2018). The Court has previously discussed the factual and procedural background of the actions as reported at *Crescent University City Venture, LLC*, 2018 NCBC LEXIS 74; *AP Atlantic, Inc. v. Crescent University City Venture, LLC*, 2017 NCBC LEXIS 93 (N.C. Super. Ct. Oct. 5, 2017); *AP Atlantic, Inc. v. Crescent University City Venture, LLC*, 2017 NCBC LEXIS 59 (N.C. Super. Ct. July 13, 2017); *AP Atlantic, Inc. v. Crescent University City Venture, LLC*, 2017 NCBC LEXIS 49 (N.C. Super. Ct. June 6, 2017); and *AP Atlantic, Inc. v. Crescent University City Venture, LLC*, 2016 NCBC LEXIS 60 (N.C. Super. Ct. July 28, 2016).

4. On July 16, 2018, the Court ordered that the Mecklenburg County civil actions bearing the filing numbers 18 CVS 1642 (the "Trussway Action"), 16 CVS 14844 (the "Crescent Action"), and 15 CVS 14745 (the "Lead Action," and, with the other actions, the "Consolidated Action") "be consolidated for all future proceedings, including but not limited to trial, under North Carolina Rule of Civil Procedure 42."[1]

---

[1] In the Court's Order on Motion to Consolidate entered in the Lead Action, the Trussway Action is incorrectly referred to as bearing the filing number 15 CVS 14745. The correct filing number for the Trussway Action is noted above and was correctly referenced in the Court's

*Crescent Univ. City Venture, LLC*, 2018 NCBC LEXIS 74, at \*13–15; (Order Mot. Consolidate 2–3, ECF No. 455).[2] The Court consolidated the cases after concluding that consolidation would save the parties undue expense, promote judicial economy, and lessen the risk of Defendant/Third-Party Defendant Trussway Manufacturing, LLC f/k/a Trussway Manufacturing, Inc. ("Trussway"), and potentially other parties, suffering inconsistent verdicts at trial. *Crescent Univ. City Venture, LLC*, 2018 NCBC LEXIS 74, at \*13–14. The Court ordered that the Trussway Action, upon consolidation, would be subject to the Case Management Order in the Lead Action. *Id.* at \*15.

5.     The Court further ordered all parties to the Consolidated Action to meet and confer and submit to the Court a status report concerning their positions on whether revisions were necessary to the case management deadlines as set forth in the most recently amended Case Management Order in the Consolidated Action as a result of the consolidation.

6.     In the subsequently filed Status Report, Plaintiff Crescent University City Venture, LLC ("Crescent"), Defendants AP Atlantic, Inc. ("AP Atlantic") and Adolfson & Peterson, Inc. ("A&P"), and Third-Party Defendants T.A. Kaiser Heating & Air, Inc. ("T.A. Kaiser") and Madison Construction Group, Inc. ("Madison") set out proposed deadlines for discovery on Crescent's negligence claim in the Trussway

---

Order and Opinion on Defendant's Motion to Dismiss and Plaintiff's Motion to Consolidate entered in the Trussway Action on the same date, July 16, 2018. That Order and Opinion also ordered that the cases be consolidated.

[2] Unless otherwise noted, all citations to court documents herein cite to documents filed in the Lead Action.

Action, notwithstanding that discovery in the Lead Action and Crescent Action ended before the Trussway Action was filed. Crescent requests that further discovery be allowed on its negligence claim in accordance with these proposed deadlines.

7. AP Atlantic, A&P, T.A. Kaiser, and Madison have indicated that they do not believe discovery on Crescent's negligence claim is necessary but ask that they be allowed to participate in any further discovery the Court allows; they therefore join in proposing the deadlines in the Status Report. Trussway and Third-Party Defendants Sears Contract Inc. ("Sears") and Interior Distributors argue that no further fact or expert discovery should be permitted and do not support the deadlines proposed in the Status Report. Interior Distributors also takes the position that all parties to the Consolidated Action should be allowed to respond to any further discovery that is permitted.

8. The Court held a status conference to address the matters raised by the Status Report on August 20, 2018. All parties taking a position in the Status Report were represented by counsel at the conference.

II.

LEGAL STANDARD

9. "When actions involving a common question of law or fact are pending in one division of the court," the trial judge may order the actions consolidated and "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." N.C. R. Civ. P. 42(a). Rule 42 vests the trial court with broad discretion, and the court's decisions on matters encompassed by Rule 42 will not be

reversed on appeal absent a manifest abuse of that discretion. *Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 448, 481 S.E.2d 349, 353 (1997) (reviewing trial court's decision to deny consolidation for abuse of discretion); 2 G. Gray Wilson, *North Carolina Civil Procedure* § 42-2 (3d ed. 2007) ("[Rule 42(a)] vests the court with broad discretion to promote the efficient and expeditious resolution of consolidated cases. This discretion extends to pretrial proceedings, including discovery[.]"); *see also In re Moore*, 11 N.C. App. 320, 322, 181 S.E.2d 118, 120 (1971) ("An action of the trial judge as to a matter within his judicial discretion will not be disturbed unless a clear abuse of discretion is shown.").

III.

ANALYSIS

10.    At the outset, the Court notes the inefficient manner in which Crescent has pursued this litigation. The Lead Action in this set of consolidated cases was filed over three years ago. On November 20, 2015, AP Atlantic filed its Amended Complaint naming Trussway and Crescent as defendants. (Am. Compl. 1, ECF No. 6.) Since January 29, 2016, Crescent has maintained a counterclaim in the Lead Action against AP Atlantic for defects in the Project's floor trusses—trusses Crescent knew Trussway manufactured. (Def. Crescent Univ. City Venture, LLC's Answer & Countercl. Am. Compl. 43–52, ECF No. 19.) Crescent amended its pleading containing this claim on more than one occasion. (Def. Crescent Univ. City Venture, LLC's Answer & Am. Countercl. Am. Compl. 53, ECF No. 159; Def. Crescent Univ.

City Venture, LLC's Am. Answer & Second Am. Countercl. Am. Compl. 43, ECF No. 212.)

11. At any time during this litigation after November 20, 2015—even after the Court realigned the parties in December 2017—Crescent could have sought to bring its negligence claim against Trussway in the Lead Action. *See* N.C. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."); N.C. R. Civ. P. 14(a) ("The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff[.]"). Crescent did not seek to do so.

12. Instead, on February 12, 2018—roughly one month after discovery in the Lead and Crescent Actions had ended—Crescent opted to assert a new claim by a method that did not require leave of court and filed the Trussway Action. (Mecklenburg County, No. 18 CVS 1642, Compl. ¶¶ 37–41 [hereinafter "Trussway Action Compl."], ECF No. 3.) That new action asserted a single negligence claim against Trussway for defects in the Project's floor trusses. (Trussway Action Compl. ¶¶ 37–41.) Crescent then moved to consolidate the Trussway Action with the Lead Action and the Crescent Action.

13. Now, despite objecting to the last extension of the case management deadlines in the Consolidated Action as "extremely prejudicial," (Crescent Univ. City

Venture, LLC's Opp'n Joint Mot. Modify Case Management Order Concerning Mediation and Disclosure Expert Information 3, ECF No. 253), Crescent requests an additional three to fourth months of discovery on its new claim.

14.     Through its chosen strategy, Crescent has essentially effected a unilateral amendment to its pleadings in the Lead Action at the last minute.  The Court, in determining how best to manage its docket and prevent undue cost and delay, must now decide whether it would rather (i) allow a nearly identical case[3] to proceed along a completely separate timeline and thus risk "replaying" the current litigation, or (ii) keep these cases consolidated in an effort to efficiently resolve all litigation relating to alleged defects in the Project's floor trusses despite the different procedural posture of Crescent's new lawsuit.  This procedural quandary could have been avoided by timely and prudent pleading.

15.     Notwithstanding the above, having considered the parties' arguments in the Status Report and at the August 20, 2018 status conference, as well as other matters of record, the Court concludes, in the exercise of its discretion, that consolidation of these cases remains the most efficient way for the Court to maintain its docket and for the parties to finally resolve these matters.

16.     The Court further concludes, in the exercise of its discretion, that it will not deny all discovery on Crescent's negligence claim in the Trussway Action.  Though

---

[3] Trussway's responsive pleading to Crescent's Trussway Action Complaint indicates that Trussway intends to pursue claims against other parties from the Lead Action in the Trussway Action. (Trussway Mfg., Inc.'s Answer Crescent Univ. City Venture, LLC's Compl. 9, ECF No. 460.)

the Trussway Action has been consolidated with two post-discovery cases, the Trussway Action is still a distinct suit, *see Smith v. Ray*, 409 Fed. App'x 641, 646 (4th Cir. 2011) ("Although consolidation is permitted as a matter of convenience and economy in administration, it . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."),[4] and the North Carolina Rules of Civil Procedure provide for discovery relevant to the subject matter of that suit, N.C. R. Civ. P. 26(b)(1). The Court will, however, exercise its discretionary powers under Rule 42(a) and Rule 26 to resolve the discovery necessary for Crescent's negligence claim in a timely, efficient, and cost-effective manner.

IV.

CONCLUSION

17. **WHEREFORE**, the Court, in the exercise of its discretion, hereby **ORDERS** as follows:

   a. Discovery in the Lead Action and Crescent Action shall remain closed. Any discovery ordered herein on Crescent's negligence claim shall not be considered a part of the record in the Lead Action or the Crescent Action for purposes of the pending summary judgment motions in those actions. Further, should the Court eventually dismiss the Trussway

---

[4] North Carolina's courts have long considered federal decisions interpreting federal rules as persuasive authority when deciding questions concerning similar state rules. *Tetra Tech Tesoro, Inc. v. JAAAT Tech. Servs., LLC*, 794 S.E.2d 535, 539 (N.C. Ct. App. 2016). The substance of Federal Rule of Civil Procedure 42(a) is very similar to North Carolina's Rule of Civil Procedure 42(a) for purposes of the Court's decision here. *Compare* Fed. R. Civ. P. 42(a), *with* N.C. R. Civ. P. 42(a).

Action, the discovery ordered herein will be excluded from any trial of the remaining consolidated actions.

b. Crescent shall have through and including August 31, 2018 to serve (i) its supplemental discovery responses related to the damages sought on its negligence claim against Trussway, and (ii) its supplemental expert reports regarding its negligence claim against Trussway.[5]

c. The parties to the Consolidated Action shall have through and including September 7, 2018 to meet and confer regarding further discovery deadlines concerning Crescent's negligence claim against Trussway.

d. The parties shall have through and including September 7, 2018 to file with the Court a joint status report concerning further proposed discovery deadlines related to Crescent's negligence claim against Trussway. In the event the parties are unable to agree on further discovery deadlines, the parties' joint status report shall indicate their respective positions on further discovery deadlines and the reasons for those positions.

e. The parties shall conduct an additional mediation, involving all parties, by October 31, 2018.

---

[5] The Court sets this deadline based on its understanding of Crescent's counsel's representation at the August 20, 2018 status conference that Crescent would be prepared to comply with the deadlines proposed in the Status Report. In the event the August 31 deadline is no longer feasible, the Court will entertain granting a brief extension to the deadlines set forth herein upon an e-mail request to the Court's law clerk (ethan.r.white@ncbusinesscourt.net).

**SO ORDERED**, this the 29th day of August, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge